## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20499-Civ-WILLIAMS/TORRES

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

        Plaintiff,

v.

JOHN DOE subscriber assigned IP address
76.243.207.55, an individual,

        Defendant.
_____/

## ORDER

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks leave to serve a subpoena on a third- party before the Rule 26(f) conference. [D.E. 7]. Strike 3 is suing Defendant John Doe for copyright infringement, alleging that Defendant used BitTorrent to illegally copy and distribute several of Strike 3's copyrighted films. [D.E. 1]. But Strike 3 knows Defendant only by his, her, or its IP address. Strike 3 seeks leave to serve a subpoena on AT&T U-verse, Defendant's internet service provider ("ISP"), for information necessary to identify Defendant. For the reasons set forth below, the Court **GRANTS** Strike 3 leave to file the third-party subpoena subject to certain conditions.

Although a party may not ordinarily seek discovery from any source until the parties have conferred as required by Rule 26(f) of the Federal Rules of Civil Procedure, a court may order that discovery be taken before this conference. Fed. R. Civ. P. 26(d)(1). Rule 26(b), in turn, authorizes a court to "order discovery of any matter relevant to the subject matter involved in the action" when the court finds there is good cause to do so. Taken together, these rules permit a court, upon a finding of good cause, to issue an order allowing a party to serve a third-party subpoena before the Rule 26(f) conference. *See Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 5-7 (D.D.C. 2008). Presently, Strike 3 has established that "good cause" exists for it to serve a third-party subpoena on the ISP listed on Exhibit A to the Complaint, to learn Defendant John Doe's identity. *See id.*; *see also UMG Recording, Inc. v. Doe,* No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008).

The Court therefore **GRANTS** Strike 3's Motion to serve a third-party subpoena as follows:

(1) Strike 3 may serve AT&T U-verse with a Rule 45 subpoena commanding it to provide Strike 3 with the true name, address, telephone number, and e-mail address (collectively, "personalidentifying information") of the Defendant to whom it assigned an IP address as set forth on Exhibit A to the Complaint. Strike 3 will attach to any such subpoena a copy of this Order.

(2) Strike 3 may also serve a Rule 45 subpoena in the same manner as above on any other ISP that is identified in response to a subpoena as a provider of Internet services to the Defendant. Strike 3 will attach to any such subpoena a copy of this Order.

(3) If the ISP identified as specified in (2) above decides that it is going to disclose the requested personal-identifying information to Strike 3, then the ISP must: (a) notify the Defendant that it intends to disclose the requested personal-identifying information to Strike 3; (b) send the Defendant a copy of the subpoena and this Order; and (c) inform the Defendant of the date it plans to disclose the requested personal-identifying information to Strike 3. The ISP must do (a), (b), and (c) at least 28 days before it discloses the personal-identifying information to Strike 3.

(4) If a subpoenaed ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), then under 47 U.S.C. § 551(c)(2)(B) the cable operator may disclose personal-identifying information because the disclosure would be "made pursuant to a court order authorizing such disclosure, [provided that] the subscriber is notified of such order by the person to whom the order is directed." "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is

responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

(5) A subpoenaed ISP will not require Strike 3 to pay a fee in advance of providing the subpoenaed information; nor will a subpoenaed ISP require Strike 3 to pay a fee for an IP address that is not controlled by the ISP. If necessary, the Court will resolve any disputes between the ISP and Strike 3 regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Strike 3.

(6) Strike 3 may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Strike 3's rights as set forth in its Complaint.

(7) If a subpoenaed ISP wishes to challenge the validity of the subpoena, that ISP must file a written opposition to the subpoena within 21 days of being served with the subpoena. If a subpoenaed ISP does challenge the subpoena, then Strike 3 must file any response to this challenge within 5 days.

(8) If the Defendant wishes to challenge the validity of the subpoena, then Defendant must file something with the Court at least 14 days before the subpoenaed ISP intends to disclose the personal-identifying information. If Defendant does challenge the subpoena, then Strike 3 must file any response to this challenge within 5 days.

(9) Defendant has leave to appear in this litigation under the pseudonym "John Doe" unless and until this Court issues an Order stating otherwise.

**DONE AND ORDERED** this 2nd day of March, 2020.

_____
EDWIN G. TORRES
United States Magistrate Judge